In the Matter of the Claims of LORENA M. HEARY and MAY KASSMAN, Respondents, against LOUIS H. DRAUDT and (AMERICAN) LUMBERMENS MUTUAL CASUALTY COMPANY OF ILLINOIS, Appellants. STATE INDUSTRIAL BOARD, Respondent. In

the Matter of the Claim of WALTER AHRENS, Respondent, against LOUIS H. DRAUDT and (AMERICAN) LUMBERMENS MUTUAL CASUALTY COMPANY OF ILLINOIS, Appellants. STATE INDUSTRIAL BOARD, Respondent. — These are appeals from three awards of the State Industrial Board; one for disability compensation to the claimant Ahrens and the others for death benefits to the widows and minor children of two deceased employees. The questions on these appeals are, *first*, whether the injured and decedents were employees at the time of the accident which resulted in their injuries and deaths; and *second*, whether prejudicial errors were committed by the hearing referee and a fair hearing had. The employer was a building contractor. The decedent Kassman worked for him as a foreman, and the decedent Heary and the claimant Ahrens were employed by him as carpenters. On a Sunday these three employees were engaged in making repairs on the building of a man named Smith. They were taken to the work in the truck of the employer Draudt. It is contended by the appellants that the three men were not working for Draudt on this particular Sunday. A careful examination of the entire record convinces us that they were working for Draudt on that day. The hearings themselves leave much to be desired, both as to the impartiality of the hearing referee and the correctness of the rulings on the admissibility of evidence. Counsel for both sides repeatedly violated the rules of proper conduct, although the attorney for the claimants was the greater offender in this respect. Counsel for the claimants refused to produce a time-book then in his possession, which had been kept by one of the decedents, although the referee had directed him to produce it and a proper subpoena had been served. This refusal was wholly unjustified, if indeed not impertinent, and contempt proceedings should have been instituted against him. It appears, however, that this error was not prejudicial because it was conceded that entries for the Sunday in question had not yet been made in the time-book. In spite of the misconduct of counsel for the claimants and the partiality of the referee, the majority feels that the claimants should not be penalized by having the matter remitted to the Industrial Board for new hearings. The evidence clearly establishes the fact of the employment on this particular Sunday and the result would not be different after a new hearing. This accident happened on May 9, 1937, and the claimants have already waited too long for their compensation. Awards affirmed, with costs to the State Industrial Board. Hill, P. J., Bliss and Heffernan, JJ., concur; Crapser and Schenck, JJ., dissent and vote to reverse the awards and remit the matters for further hearings on the ground that appellants were deprived of a fair trial before the referee.